UNITED STATES of America, Appellee,

v.

Jorge CASTILLO, Jose Perez, Haroldo Urbina, Armando Belloso Ibarra, Defendants–Appellants.

** The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

**Wilfredo Asencio, Defendant.**

Nos. 06–0742–cr(L), 06–1875–cr,
06–2537–cr, 06–4342–cr.

United States Court of Appeals,
Second Circuit.

May 7, 2008.

Adam S. Hickey, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Jeffrey Cohn, New York, N.Y., for Defendant–Appellant Haroldo Urbina. Dawn M. Cardi, New York, N.Y., for Defendant–Appellant Jose Perez. Alan Seidler, New York, N.Y., for Defendant–Appellant Armando Belloso Ibarra.

## SUMMARY ORDER

Defendants–Appellants Haroldo Urbina, Jose Perez, and Armando Belloso Ibarra appeal judgments of the United States District Court for the Southern District of New York, sentencing them respectively to 70 months, 87 months, and 168 months in prison, after each pled guilty to involvement in a conspiracy to distribute heroin. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

## I. Urbina

Urbina argues that he was a "minor participant" in the conspiracy, and the district court erred when it declined to reduce his Guidelines offense level on that basis. The Sentencing Guidelines provide for two distinct kinds of role-based downward adjustment of a defendant's offense level. District courts are authorized to grant a four-level reduction to a "minimal participant," who must show that he is "plainly among the least culpable of those involved in the conduct of a group." U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n. 4. Urbina does not assert that he played a minimal role, but claims that he is entitled to a two-level "minor" role reduction, which is available to a participant whose role cannot be described as minimal, but who is "less culpable than most other participants" in the average similar offense. *Id.* § 3B1.2 cmt. n. 5.

The Probation Service recommended that Urbina should receive such a role reduction, but the district court disagreed, holding that Urbina "played an indispensable role in the trafficking of the drugs at issue." We will reverse a district court's finding regarding a defendant's role in the offense only if the finding is clearly erroneous. *United States v. Castano*, 234 F.3d 111, 113 (2d Cir.2000). Certainly, we have often upheld denials of minor role adjustments to drug couriers. *See, e.g., United States v. Garcia*, 920 F.2d 153, 154–55 (2d Cir.1990) (per curiam). But courier status does not in every case disqualify a defendant from this reduction. Rather "[t]he culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id.* at 155.

Urbina participated in only one of the conspiracy's two drug hand-offs (the Van Cortlandt transaction), and was apparently

unaware of the other (the Dunkin' Donuts transaction). The record shows that he played a lesser role than anyone else involved in the conspiracy. His participation was limited to accompanying Ibarra, to whom he was clearly subordinate, and fetching a small heroin sample from an apartment building. It was Ibarra, and not Urbina, who retrieved the bulk of the drugs that were the subject of the Van Cortlandt transaction. Under the circumstances, we conclude that the record clearly indicates that Urbina was substantially less culpable than the average participant in similar narcotics trafficking offenses. Accordingly, we reverse the district court's decision to deny Urbina a minor role reduction, vacate the sentence, and remand the case for resentencing with the lower Guidelines range yielded by a minor role reduction as the appropriate starting point.

■ Urbina additionally contends that he received constitutionally ineffective assistance of counsel at sentencing. Because this argument is straightforwardly non-meritorious, we reject it on direct appeal instead of deferring them to a later § 2255 motion. *Cf. United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir.2003). To succeed, Urbina would be obliged (1) to "show that [his] counsel's representation fell below an objective standard of reasonableness" and (2) "affirmatively [to] prove prejudice" resulting from his counsel's defective performance. *Strickland v. Washington*, 466 U.S. 668, 688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming, *arguendo*, that Urbina's counsel made an error by failing to point out that narcotics charges against an original co-defendant (Asencio) were later dropped, it is abundantly clear that no prejudice resulted, because the government attorney corrected in open court any misapprehension as to Asencio's role in the offense. Urbina's remaining claims of ineffective assistance of counsel similarly lack merit.

## II. Perez

■ Like Urbina, Perez contends that the district court erred when it denied his request for a minor role reduction of his Guidelines offense level. Unlike Urbina, however, Perez could be found to have contributed substantially to the drug conspiracy. He did so by driving almost one and a half kilos of heroin to an appointed meeting place, and by watching while the buyer inspected the product. His conduct made the Dunkin' Donuts transaction possible, and thereby enabled Ibarra to sell narcotics to the buyer at two separate locations. Perez, moreover, admitted his involvement in other drug deliveries. In these circumstances, we find no clear error in the district court's determination that Perez "played an indispensable role in the trafficking of the drugs at issue." Perez failed to establish that he was "less culpable than most other participants," U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n. 5, and so we affirm his 87–month sentence.

## III. Ibarra (Belloso)

■ Ibarra challenges the decision of the district court to increase his Guidelines range by four points for his role as an organizer or leader of the drug conspiracy. To determine whether a defendant qualifies as an "organizer or leader" under the Guidelines, the district court is directed to consider factors including "the exercise of decisionmaking authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n. 4. The four-level enhancement provision does not require the defendant to have organized or

led *all* of the conspirators; what is needed instead is for the defendant to have been the organizer or leader of one or more participants, *id.* § 3B1.1 cmt. n. 2; *see also United States v. Zichettello*, 208 F.3d 72, 107 (2d Cir.2000) and for the conspiracy as a whole to have involved five or more persons. U.S. Sentencing Guidelines Manual § 3B1.1(a). Ibarra does not contest that the conspiracy involved five or more persons. And, as Judge Casey pointed out, there is ample evidence that Ibarra acted as an organizer or leader. Ibarra's claim that he was not the ultimate leader of the conspiracy is of no significance, because "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n. 4.

█ Nor, contrary to Ibarra's claim on appeal, did Judge Casey err in deciding not to grant an evidentiary hearing on the issue. "An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues" under the Guidelines. *Id.* § 6A1.3 background cmt. But "[w]ritten statements of counsel or affidavits of witnesses may be adequate under many circumstances." *Id.* The determination as to whether a hearing is appropriate in these circumstances is placed firmly within the sound discretion of the trier of fact. *United States v. Prescott*, 920 F.2d 139, 144 (2d Cir.1990). Given the weight of the documentary evidence that Ibarra's conduct qualified for the four-level increase, the district court did not abuse its discretion when it concluded that there was no need for a hearing on the issue.

## IV. Conclusion

In appeal No. 06–2537–cr (Urbina), the judgment of the district court is AF-FIRMED in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order. In appeals No. 06–1875–cr (Perez), and No. 06–4342–cr (Ibarra), the judgments of the district court are **AFFIRMED.**[1]

---

1. The appeal of Defendant–Appellant Jorge Castillo, No. 06–0742–cr, is resolved by separate order of the Court.